UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
ACTION NO. 4:15-CV-68-JHM

LANA MICHELE HARPER, Administratix
and Personal Representative of the Estate of
Chanson Spencer Morrow, Deceased                          PLAINTIFF

And

ASHLEY LAMBERT, Custodian and
Legal Guardian of, O.K.M., minor
Child of Chanson Spencer Morrow, Deceased                 PLAINTIFF

And

JESSICA PEAK, Custodian and Legal
Guardian of K.A.P, minor Child of
Chanson Spencer Morrow, Deceased                          PLAINTIFF

Vs.

DAVIESS COUNTY, KENTUCKY

    SERVE:    Hon. Al Mattingly
                Daviess County Courthouse
                212 Saint Ann Street, Suite 202
                Owensboro, Kentucky 42303                DEFENDANT

DAVID OSBORNE, Individually and
in his official capacity as the Daviess
County, Kentucky Jailer

    SERVE:    David Osborne
                Daviess County Detention Center
                3337 U.S. Highway 60 East
                Owensboro, Kentucky 42303                DEFENDANT

CHAD PAYNE, Individually and in his
official capacity as an officer/employee
and/or agent of the Daviess County Detention Center

      SERVE:     Chad Payne
                 Daviess County Detention Center
                 3337 U.S. Highway 60 East
                 Owensboro, Kentucky 42303           DEFENDANT

DAVID BOARMAN, Individually and in his
official capacity as an officer/employee
and/or agent of the Daviess County Detention Center

      SERVE:     David Boarman
                 Daviess County Detention Center
                 3337 U.S. Highway 60 East
                 Owensboro, Kentucky 42303           DEFENDANT

UNKNOWN JOHN AND/OR JANE DOES, Individually and in their
official capacities as officers/employees and/or
agents of the Daviess County Detention Center
DEFENDANTS

GREEN RIVER REGIONAL MENTAL HEALTH –
MENTAL RETARDATION BOARD, INC. d/b/a
RIVERVALLEY BEHAVIORAL HEALTH

      SERVE:     Agent for Service of Process
                 Gayle Dicesare
                 1100 Walnut Street
                 Owensboro, Kentucky 42302           DEFENDANT

REBECCA MOORMAN, Individually and in her
official capacity as an employee and/or agent of
the Daviess County Detention Center and/or
Green River Regional Mental Health – Mental Retardation  Board,
Inc., d/b/a Rivervalley Behavioral Health

      SERVE:     Rebecca Moorman
                 1100 Walnut Street
                 Owensboro, Kentucky 42302           DEFENDANT

UNKNOWN JOHN AND/OR JANE DOES, Individually and in their
official capacities as employees and/or agents of the
Green River Regional Mental Health – Mental Retardation  Board,
Inc., d/b/a Rivervalley Behavioral Health           DEFENDANTS

---

## AMENDED COMPLAINT AND JURY DEMAND

---

NOW COMES the Plaintiffs, LANA MICHELE HARPER, Personal Representative for the Estate of Chanson Spencer Morrow, deceased, and ASHLEY LAMBERT, Custodian and Legal Guardian of, O.K.M, minor Daughter of Chanson Spencer Morrow, Deceased, and JESSICA PEAK, Custodian and Legal Guardian of K.A.P., minor Son of Chanson Spencer Morrow, Deceased, by and through counsel, and for their Amended Complaint, against the Defendants, filed pursuant to FRCP 15(a)(1)(A), state as follows:

### INTRODUCTION

This is a claim for damages under 42 U.S.C. §1983 for violations of Chanson Spencer Morrow's Constitutional Rights as well as violations of statutory and/or common law claims and/or rights arising under state law from the actions and/or inactions of the Daviess County, Kentucky officials and the Daviess County, Kentucky Detention Center staff, employees and/or agents of Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health. As set forth below, Chanson Spencer Morrow was subjected to the Defendants' intentional and/or grossly negligent mental health and/or medical care, training and supervision at the Daviess County, Kentucky Detention Center. As a result of the lack of appropriate medical care, training and supervision, Mr. Morrow committed suicide. These actions and/or inactions, taken by the Defendants, Daviess County, Kentucky and/or its officials and employees/agents in their Individual and Official Capacities and/or Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health and/or Rebecca Moorman in her Individual and Official Capacities were the direct and proximate cause

of Mr. Morrow's death. Plaintiffs seek redress for the violation of Mr. Morrow's civil rights; damages for his wrongful death; damages for loss of consortium; damages for negligence; consequential damages; punitive damages; costs, including attorney's fees; and any and all other relief to which the Plaintiffs are entitled to.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, which provides for original district court jurisdiction over cases presenting federal questions.

2. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. §1376, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

3. Venue in this district is proper pursuant to 29 U.S.C. §1391.

## PARTIES

4. Plaintiff, Lana Michele Harper, brings this action in her representative capacity as the Personal Representative of the Estate of Chanson Spencer Morrow ("the Estate"), having been appointed as the Personal Representative by Order of the Daviess County, Kentucky, District Court on May 13th, 2014, and in that capacity, asserts those claims specified herein on behalf of the Estate. Lana Michele Harper, as the Personal Representative and Administratix, is authorized to bring this action on behalf of the Estate.

5. Plaintiff, Ashley Lambert, brings this action in her representative capacity as the custodian and legal guardian of O.K.M., minor child of Chanson Spencer Morrow, deceased. As the legal custodian and legal guardian she is authorized to bring this action on the minor child's behalf.

6. Plaintiff, Jessica Peak, brings this action in her representative capacity as the custodian and legal guardian of K.A.P., minor child of Chanson Spencer Morrow, deceased. As the legal custodian and legal guardian she is authorized to bring this action on the minor child's behalf.

7. Defendant, Daviess County, Kentucky, at all times mentioned herein, employed and was responsible for the establishment of policies governing the employment, training, supervision, and conduct of the officers and employees and/or agents of the Daviess County, Kentucky Detention Center and those officers and employees' supervision of the inmates within the custody of Daviess County, Kentucky and the Daviess County, Kentucky Detention Center.

8. Defendant, David Osbourne, at all times mentioned herein, was acting in his individual and official capacity as the Daviess County, Kentucky Jailer and an employee, servant, and/or agent of the Daviess County, Kentucky or the Daviess County, Kentucky Detention Center. As such, he was responsible for the employment, training, supervision, and conduct of the officers, employees and/or agents of the Jail and those officers, employees and/or agents' supervision of the inmates within the custody of Daviess County, Kentucky and the Daviess County, Kentucky Detention Center. Defendant Osbourne is named and sued in his official and individual capacity.

9. Defendant, Chad Payne, at all times mentioned herein, was acting in his individual and official capacity as a Daviess County, Kentucky, Sergeant, Deputy Jailer and an employee, servant, and/or agent of the Daviess County, Kentucky and/or the Daviess County, Kentucky Detention Center. As such, he was responsible for the training, supervision, and conduct of

officers and employees of the Daviess County, Kentucky Detention Center. Defendant Payne is named and sued in his official and individual capacity.

10. Defendant, David Boarman, at all times mentioned herein, was a Deputy Jailer and an employee, servant, and/or agent of the Daviess County, Kentucky or the Daviess County, Kentucky Detention Center. As such, he was responsible for implementing the policies and procedures of the Jail. Defendant Boarman is named and sued in his official and individual capacity.

11. Unknown Defendants, John and/or Jane Does, were at all times mentioned herein, were Officers and/or Deputy Jailers and an employees, servants, and/or agents of the Daviess County, Kentucky or the Daviess County, Kentucky Detention Center. As such, they were responsible for the training, supervision, and conduct of the officers and employees and/or implementing the policies and procedures of the Jail. Defendants John and/or Jane Does are named and sued in their official and individual capacity.

12. Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health, upon information and belief, by contract with Defendants, Daviess County, Kentucky and the Daviess County, Kentucky Detention Center, agreed to provide mental health and/or medical services to inmates, and upon information and belief, through its employees and/or agents, Rebecca Moorman and Unknown Defendants John and Jane Does, who at all times mentioned herein were acting individually and/or in their official capacities as employees and/or agents of Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health, an Assumed Name Corporation registered and authorized to conduct business in the Commonwealth of Kentucky, not only

established policies either formally or by custom, for the mental health and/or medical treatment of Jail inmates but participated in the mistreatment of Chanson Spencer Morrow.

13. Defendant, Rebecca Moorman, upon information and belief, was an employee and/or agent of Defendant, Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health, and at all times mentioned herein, was acting in her individual and official capacity as such. As such, Defendant Moorman not only was responsible for implementing the policies and procedures of Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health, either formally or by custom, for the medical treatment of Jail inmates but also participated in the mistreatment of Chanson Spencer Morrow. Defendant Moorman is named and sued in her official and individual capacity.

14. Unknown Defendants, John and/or Jane Does, at all times mentioned herein, were employees and/or agents of Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health. As such, they not only were responsible for implementing the policies and procedures of Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health, either formally or by custom, for the mental health and/or medical treatment of Jail inmates but also participated in the mistreatment of Chanson Spencer Morrow.

## NATURE OF DEFENDANTS' CONDUCT

15. Defendants engaged, individually and/or in concert with one another, in the conduct below under the color of law of the Commonwealth of Kentucky and Daviess County, Kentucky. The individual Defendants named above knowingly participated, acquiesced in, contributed to, encouraged, and implicitly authorized or approved the conduct described below

individually and/or in their official capacities with the Jail. The offenses described below resulted from the failure of the entities and the supervisory officials named above to employ qualified persons for positions of authority, and/or to properly train and supervise the conduct of personnel after their employment, and/or to disseminate appropriate operating policies and procedures either formally or by custom to protect the constitutional and other rights of the decedent. Defendants' intentional and grossly negligent conduct indicated active malice toward Chanson Spencer Morrow as well as deliberate indifference and reckless disregard to his life, constitutional, and common law rights. As a result, Plaintiffs are entitled to an award of actual and punitive damages.

FACTS

16. Defendants individually and/or in concert with one another, committed acts under the color of state law which deprived Chanson Spencer Morrow of his rights, privileges and immunities secured by the Eighth, and Fourteenth Amendments of the Constitution of the United States.

17. Defendants, Daviess County and the Daviess County Detention Center have clearly failed to institute any (adequate) policies, customs or practices, or to employ qualified persons, or to properly train Jailers or their agents and/or employees to prevent or alleviate the conditions set forth herein.

18. Defendants had a legal duty to institute policies and to take reasonable steps to secure the safety, health, and welfare of inmates. Additionally, Defendants are required to adequately train and supervise agents, personnel and/or employees to administer these policies and customs. Specifically, Defendants are required to implement adequate suicide prevention

policies and to adequately train and supervise personnel regarding the implementation of these policies and practices as they relate to suicide prevention.

19. On or about February 19th, 2014 at approximately 2:41 P.M. CST, Chanson Spencer Morrow was arrested by Daviess County, Kentucky law Enforcement.

20. On or about February 19th, 2014, at 4:41 P.M. CST, according to Daviess County, Kentucky Detention Center records, Chanson Spencer Morrow was booked into Daviess County, Kentucky Detention Center custody.

21. On or about February 19th, 2014, at 4:42 CST, according to Daviess County, Kentucky Detention Center records, Matthew Forrester assigned Chanson Spencer Morrow to cell B1T236 because of Mr. Morrow being a New Intake.

22. On or about February 19th, 2014, at 5:13 P.M. CST, according to Daviess County, Kentucky Detention Center records, John Ripley assigned Chanson Spencer Morrow to cell B1B128 because Mr. Morrow was High Risk.

23. On or about February 19th, 2014, at 5:14 P.M. CST, according to Daviess County, Kentucky Detention Center records, Chanson Spencer Morrow was interviewed by Joseph Stone, and according to Daviess County, Kentucky Detention Center records, Chanson Spencer Morrow reported no history of suicide attempts and no present thoughts of suicidal thoughts.

24. On or about February 19th, 2014, at 5:17 P.M. CST, according to Daviess County, Kentucky Detention Center records, Joseph Stone reported that he did not feel that Mr. Morrow should be referred to a Supervisor for review or that Mr. Morrow's behavior indicated a possibility to self-harm.

25. On or about February 19th, 2014, at an unknown time, but upon information and belief subsequent to Joseph Stone's interview of Chanson Spencer Morrow, Edwina Davis

conducted and completed a Kentucky Mental Health Crisis Network Episode Report wherein she reported a suicide risk level of High, a behavioral risk level of High, and recommended that Mr. Morrow be housed in a single cell or safe cell, with frequent and staggered observations, that his property be limited to no property or a suicide blanket, that his dress be a suicide smock, and that he be limited to finger food.

26. On or about February 19th, 2014, at 5:30 P.M. CST, according to Daviess County, Kentucky Detention Center records, Joseph Stone reported that Chanson Spencer Morrow was a high risk and also listed the name "Edwina Davis" in the his Incident Report.

27. On or about February 19th, 2014, at 5:45 P.M. according to according to Daviess County, Kentucky Detention Center records, Corporal John Ripley, Deputy Matthew Forrester and Deputy Adam Hendrix reported that Chanson Spencer Morrow was a suicide risk and that he reported to them that he believed his girlfriend was going to lose her life within twenty-four (24) hours and that he desired to have jail staff end his life and that they changed Mr. Morrow into suicide prevention attire.

28. On or about February 19th, 2014, at 5:51 P.M. CST, according to Daviess County, Kentucky Detention Center records, John Ripley assigned Chanson Spencer Morrow to cell B1A175 because Mr. Morrow was placed on Suicide Watch.

29. On or about February 19th, 2014, 11:45 P.M., Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health by and through Rebecca Moorman negligently conducted and completed a Jail Triage Clinical Follow-Up interview with Chanson Spencer Morrow, in a total time of seven (7) minutes, wherein she referred Mr. Morrow for Psychiatric Services and additionally advised that Mr. Morrow was a Moderate

Risk and that the Jail should consider lowering after forty-eight (48) hours if no further concerns emerge.

30. On or about February 20th, 2014, at 12:05 A.M. CST, according to Daviess County, Kentucky Detention Center records, Shannon Johnson reported that Chanson Spencer Morrow was reduced to Moderate Risk pursuant to Rebecca Moorman.

31. On or about February 20th, 2014, at 3:36 A.M. CST, according to Daviess County, Kentucky Detention Center records, Jack Jones assigned Chanson Spencer Morrow to cell B1B131 because Mr. Morrow was High Risk and upon information and belief, Mr. Morrow was changed out of suicide attire and was placed in a High Risk cell which contained a sheet.

32. On or about February 20, 2014, Chanson Spencer Morrow remained in High Risk cell B1B131 until the end of his life.

33. High Risk cell B1B131 was equipped with an observation window that was not covered or otherwise obscured from outside view.

34. On or about February 20th, 2014, at 7:15 P.M. CST, according to Daviess County, Kentucky Detention Center records, David Boarman discovered Chanson Spencer Morrow hanging in his cell, while Mr. Boarman was conducting area checks in the High Risk housing area.

35. On or about February 20th, 2014, based upon photographs taken by investigators, a sheet could be observed, from outside High Risk cell B1B131 through the window, hanging within High Risk cell B1B131, which was hung from a protective cover placed over the smoke detector within the cell.

36. On or about February 20th, 2014, according to Daviess County, Kentucky Detention Center records, Defendant, David Boarman noted monitoring times of 3:14 P.M. CST, 4:27 P.M.

CST, 4:57 P.M. CST, 5:36 P.M. CST, 6:33 P.M. CST and 7:42 P.M. CST of inmate Nicholas Rummage in cell B1B130.

37. On or about February 20th, 2014, upon information and belief, Defendant, David Boarman made no efforts to monitor and/or document the health and welfare of Chanson Spencer Morrow leaving Mr. Morrow alone in High Risk cell B1B131 with a sheet following his declassification from Suicide Watch.

38. Defendants, Daviess County, Kentucky Jailer, David Osbourne and Sergeant, Chad Payne failed to properly train and supervise Defendant, Deputy David Boarman to ensure that Chanson Spencer Morrow's health and welfare were properly supervised and protected.

39. On or about February 20th, 2014, at 7:48 P.M. CST, according to Daviess County, Kentucky Detention Center records, Chanson Spencer Morrow was pronounced dead at the Owensboro Hospital.

## COUNT I

40. Paragraphs 1-39 are incorporated herein by reference.

41. Chanson Spencer Morrow's treatment was a result of a continued pattern of misconduct and is the result of the policies, procedures, customs, and practices of Daviess County, Kentucky and/or the Daviess County, Kentucky Detention Center. These policies demonstrated a negligent, intentional and/or deliberate indifference to the health, well-being, and constitutional and common law rights of Chanson Spencer Morrow.

42. The Defendants' conduct, individually or collectively, was a result of the policies or customs enacted and instituted by Daviess County, Kentucky, the Daviess County, Kentucky Detention Center, and Green River Regional Mental Health – Mental Retardation Board, Inc.

d/b/a Rivervalley Behavioral Health and enforced by the Daviess County, Kentucky Jailer, who is accountable to the Government.

43. Given the current law, the Defendants' treatment of Chanson Spencer Morrow was intentional and/or wanton and malicious and therefore, rises to the level of total and reckless disregard of and deliberate indifference to the rights of Chanson Spencer Morrow.

44. As a direct and proximate result of the Defendants' violations of Chanson Spencer Morrow's civil rights, the Plaintiffs have incurred consequential and compensatory damages.

45. Defendants' violations were a substantial factor in causing Chanson Spencer Morrow's death which resulted in damages, including but not limited to lost wages, medical expenses, funeral expenses, and the impairment of Mr. Morrow's ability to earn money in the future.

46. Defendants' acted intentionally, maliciously, or with reckless disregard or callous indifference to the rights of Chanson Spencer Morrow and are liable for punitive damages.

COUNT II: 42 U.S.C. §1983

47. Paragraphs 1-46 are incorporated herein by reference.

48. Defendants, individually or in concert with one another, committed acts under the color of state law as alleged above, which deprived Chanson Spencer Morrow of his rights, privileges, and immunities secured by the United States Constitution.

49. Defendants' violations of Chanson Spencer Morrow's rights, privileges, and immunities were a substantial factor in causing Chanson Spencer Morrow's death, resulting in damages, including but not limited to lost wages, the ability to earn money in the future, medical expenses, and funeral expenses.

50. As a result of the Defendants' deliberate indifference and disregard as to Chanson Spencer Morrow's health and well-being, he was subjected to cruel and unusual punishment and

ultimately deprived of his life without due process of law in violation of the Eighth, Tenth

and Fourteenth Amendments of the United States Constitution and the Civil Rights Act of

1871, 42 U.S.C. §1983.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Tort of Outrage)

51. Paragraphs 1-50 are incorporated herein by reference.

52. Defendants acted intentionally or recklessly when they committed the acts enumerated

above.

53. The Defendants' conduct was so outrageous and intolerable that it offends the generally

accepted standards of decency and morality.

54. The Defendants' conduct was a substantial factor in causing Chanson Spencer Morrow's

extreme and severe emotional distress.

### COUNT IV: NEGLIGENCE/WRONGFUL DEATH

55. Paragraphs 1-54 are incorporated herein by reference.

56. Defendants, Daviess County, Kentucky, David Osbourne, Chad Payne, David Boarman, and

John and Jane Does breached their duty of care owed to Chanson Spencer Morrow. These

acts and omissions, jointly or severally, were negligent, reckless and/or wanton, and occurred

within the scope and course of their employment or other authority granted them as

employees of Daviess County, Kentucky and the Daviess County, Kentucky Detention

Center.

57. These acts and omissions described above were a substantial factor in bringing about

Chanson Spencer Morrow's death.

58. As a result, Chanson Spencer Morrow and his Estate have suffered and are entitled to those damages described above, including, but not limited to, lost wages and the ability to earn money, pain and suffering, and incurred expenses.

## COUNT V: FAILURE TO TRAIN

59. Paragraphs 1-58 are incorporated herein by reference.

60. The County, the Jailer, and the Jailer's personnel and/or agents had a duty to train their employees and/or agents regarding the proper interaction with citizens/inmates in its custody, but breached its duty to the deceased Plaintiff, resulting in damages.

61. The County, the Jailer, and the Jailer's personnel and/or agents are therefore liable for the Constitutional deprivations caused by their breach of duties in failing to properly train their employees and/or agents.

62. Defendants' violations of Chanson Spencer Morrow's civil rights were a substantial factor in causing Chanson Spencer Morrow's death, resulting in damages, including but not limited to loss wages or earnings, the ability to earn money and incurred expenses.

63. Defendants acted intentionally, maliciously, or with reckless disregard or callous indifference to the rights of the Plaintiffs and are liable for Punitive Damages.

## COUNT VI: FAILURE TO SUPERVISE

64. Paragraphs 1-63 are incorporated herein by reference.

65. The County, the Jailer, and the Jailer's personnel and/or agents had a duty to properly supervise their employees and/or agents regarding the proper interaction with citizens/inmates in its custody, but breached its duty to the deceased Plaintiff resulting in damages.

66. The County, the Jailer, and the Jailer's personnel and/or agent are therefore liable for the Constitutional deprivations caused by their breach of duties in failing to properly supervise their employees and/or agents.

67. Defendants' violations of Chanson Spencer Morrow's civil rights were a substantial factor in causing Chanson Spencer Morrow's death, resulting in damages, including but not limited to loss wages or earnings, the ability to earn money and incurred expenses.

68. Defendants acted intentionally, maliciously, or with reckless disregard or callous indifference to the rights of the Plaintiffs and are liable for Punitive Damages.

COUNT VII: NEGLIGENCE/WRONGFUL DEATH

69. Paragraphs 1-68 are incorporated herein by reference.

70. Defendants, Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health and Rebecca Moorman, owed Chanson Spencer Morrow the duty of reasonable mental health and/or medical care.

71. Defendants breached this duty of care by negligently assessing Mr. Morrow as a moderate suicide risk.

72. Their actions were negligent and/or grossly negligent. As such, these actions and/or inactions were a substantial cause and contributing factor of the death of Chanson Spencer Morrow.

73. Plaintiff, Chanson Spencer Morrow and his Estate have suffered those damages described above, including, but not limited to, lost wages and the ability to earn money, pain and suffering, and incurred expenses as a result of Defendants Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health and Rebecca Moorman's negligence.

74. Defendants acted intentionally, maliciously, or with reckless disregard or callous indifference to the rights of Chanson Spencer Morrow and are liable for Punitive Damages.

COUNT VIII: FAILURE TO TRAIN

75. Paragraphs 1-74 are incorporated herein by reference.

76. Defendant, Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health had a duty to train their employees and/or agents regarding the proper interaction, evaluation and assessment of the mental health of citizens/inmates in the custody of the Daviess County Detention Center, but breached its duty to the deceased Plaintiff resulting in damages, including but not limited to loss wages or earnings, the ability to earn money and incurred expenses..

77. Defendant, Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health is therefore liable for the Constitutional deprivations caused by their breach of duties in failing to properly train their employees and/or agents.

78. Defendant, Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health acted intentionally, maliciously, or with reckless disregard or callous indifference to the rights of the Plaintiffs and are liable for Punitive Damages.

COUNT VIIII: FAILURE TO SUPERVISE

79. Paragraphs 1-78 are incorporated herein by reference.

80. Defendant, Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health had a duty to properly supervise their employees and/or agents regarding the proper interaction with citizens/inmates in the custody of the Daviess County Detention Center, but breached its duty to the deceased Plaintiff resulting in

damages, including but not limited to loss wages or earnings, the ability to earn money and incurred expenses.

81. Defendant, Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health are therefore liable for the Constitutional deprivations caused by their breach of duties in failing to properly supervise their employees and/or agents.

82. Defendant, Green River Regional Mental Health – Mental Retardation Board, Inc. d/b/a Rivervalley Behavioral Health violations of Chanson Spencer Morrow's civil rights were a substantial factor in causing Chanson Spencer Morrow's death, resulting in damages, including but not limited to loss wages or earnings, the ability to earn money and incurred expenses.

83. Defendants acted intentionally, maliciously, or with reckless disregard or callous indifference to the rights of the Plaintiffs and are liable for Punitive Damages.

COUNT X: LOSS OF CONSORTIUM

84. Paragraphs 1-83 are incorporated herein by reference.

85. Plaintiff K.A.P, was approximately two (2) years old when his father died.

86. As a result of K.A.P.'s father's death, the Plaintiff has lost years of support, love and affection.

87. The Plaintiff's loss of support, love and affection is the direct result of the acts and/or omissions of the Defendants.

88. Due to the Plaintiff's loss, the Plaintiff is entitled to damages.

COUNT XI: LOSS OF CONSORTIUM

89. Paragraphs 1-88 are incorporated herein by reference.

90. Plaintiff O.K.M. was approximately less than one (1) month old when her father died.

91. As a result, O.K.M.'s father's death, the Plaintiff has lost years of support, love and affection.

92. The Plaintiffs' loss of support, love and affection is the direct result of the acts and/or omissions of the Defendants.

93. Due to the Plaintiff's loss, the Plaintiff is entitled to damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, The Estate of Chanson Spencer Morrow, by and through its Administratix, Lana Michele Harper, and K.A.P., minor child of Chanson Spencer Morrow, by and through Guardian, Jessica Peak, and O.K.M., minor child by and through Guardian, Ashley Lambert, demand judgment against the Defendants in amounts considered fair and reasonable by a jury based on the evidence, and for the following:

1.  Chanson Spencer Morrow's pain and suffering;

2.  Chanson Spencer Morrow's lost wages and impairment to labor and the ability to earn money;

3.  Chanson Spencer Morrow's wrongful death and loss of enjoyment of life;

4.  Compensatory damages, in an amount to be proven at trial including but not limited to medical and other expenses incurred;

5.  Damages for loss of consortium for the two minor Plaintiff's named herein;

6.  Reimbursement for fees and other consequential expenses;

7.  Punitive damages;

8.  Reasonable attorneys' fees pursuant to 42 U.S.C. §1988;

9.  All costs herein incurred;

10. Trial by Jury on all issues; and

11. Any other relief to which the Plaintiffs may appear entitled, including leave to mend this

    Complaint.


Respectfully submitted,


/s/ Bryce L. Caldwell
Bryce L. Caldwell
Bryce L. Caldwell, Attorney at Law, PLLC
401 Frederica Street, Building B, Suite 204
Owensboro, Kentucky 42301
Office (270) 852-4900
Cell (270) 231-7513
Email brycecaldwell33@gmail.com